UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NO: 2:25-cv-

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF COLLETON )<br>)<br>Barbara Casey, )<br>)<br>       Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>Amirjon Yusupov and Uzex Enterprise, )<br>LLC, )<br>)<br>)<br>)<br>       Defendants. )<br>_____) | **DEFENDANTS' ANSWER**<br>**TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

NOW COME Defendants Amirjon Yusupov and Uzex Enterprise, LLC, by and through her undersigned attorney, and respond to Plaintiff's Complaint as follows:

**<u>FOR A FIRST DEFENSE</u>**

1. Defendants deny all allegations of the Complaint which are not specifically admitted below.

2. With regard to the allegations set forth in Paragraph 1, Defendants admit only, upon information and belief, the allegations as to Plaintiff's residency. Defendants deny the remaining allegations set forth in Paragraph 1 and demand strict proof thereof.

3. With regard to the allegations set forth in Paragraph 2, Defendants admit only that Defendant Yusupov is a resident and citizen of the state of New York, and that he was operating the vehicle involved in the accident. Defendants deny the remaining

allegations set forth in Paragraph 2 and demand strict proof thereof.

4. Defendants admit the allegations set forth in Paragraph 3.

5. Defendants deny the allegations set forth in Paragraph 4 and demand strict proof thereof.

6. With regard to the allegations set forth in Paragraph 5, Defendants admit only that Defendant Uzex Enterprise was a for-hire motor carrier company, and that the commercial motor vehicle involved in the accident was being operated for compensation in interstate commerce. Defendants deny the remaining allegations set forth in Paragraph 5 and demand strict proof thereof.

7. The allegations set forth in Paragraph 6 constitute conclusions of law to which no responsive pleading is required.

8. The allegations set forth in Paragraph 7 constitute conclusions of law to which no responsive pleading is required.

9. Defendants admit the allegations set forth in Paragraph 8.

10. Defendants admit the allegations set forth in Paragraph 9.

11. Defendants deny the allegations set forth in Paragraph 10 and demand strict proof thereof.

12. With regard to the allegations set forth in Paragraph 11, Defendants admit only that the vehicle being operating by Defendant Yusupov contacted the rear of the vehicle in which Plaintiff was traveling as a passenger, but only after Plaintiff's driver changed lanes in an unsafe manner, pulling directly in front of Defendant Yusupov's vehicle and then stopping suddenly. Defendants deny the remaining allegations set forth in Paragraph 11 and demand strict proof thereof.

13. Defendants deny the allegations set forth in Paragraph 12 and demand strict proof

thereof.

14. With regard to the allegations set forth in Paragraph 13, Defendants repeat their responses to Paragraphs 1-12 of the Complaint and incorporate them herein by reference as if more fully set forth.

15. The allegations set forth in Paragraph 14 constitute conclusions of law to which no responsive pleading is required. To the extent that any answer may be required, Defendants deny that Defendant Yusupov violated any statutory duties.

16. Defendants deny the allegations set forth in Paragraph 15 and demand strict proof thereof.

17. Defendants deny the allegations set forth in Paragraph 16 and demand strict proof thereof.

18. Defendants deny the allegations set forth in Paragraph 17 and demand strict proof thereof.

19. Defendants deny the allegations set forth in Paragraph 18, including all sub-parts, and demand strict proof thereof.

20. Defendants deny the allegations set forth in Paragraph 19 and demand strict proof thereof.

21. Defendants deny the allegations set forth in Paragraph 20 and demand strict proof thereof.

22. With regard to the allegations set forth in Paragraph 21, Defendants repeat their responses to Paragraphs 1-20 of the Complaint and incorporate them herein by reference as if more fully set forth.

23. The allegations set forth in Paragraph 22 constitute conclusions of law to which no

responsive pleading is required. To the extent that any answer may be required, Defendants deny that Defendant Yusupov violated any alleged duties.

24. Defendants deny the allegations set forth in Paragraph 23, including all sub-parts, and demand strict proof thereof.

25. Defendants deny the allegations set forth in Paragraph 24 and demand strict proof thereof.

26. Defendants deny the allegations set forth in Paragraph 25, including all sub-parts, and demand strict proof thereof.

27. Defendants deny the allegations set forth in Paragraph 26, including all sub-parts, and demand strict proof thereof.

28. Defendants deny the allegations set forth in Paragraph 27, including all sub-parts, and demand strict proof thereof.

29. With regard to the allegations set forth in Paragraph 28, Defendants repeat their responses to Paragraphs 1-27 of the Complaint and incorporate them herein by reference as if more fully set forth.

30. Defendants deny the allegations set forth in Paragraph 29 and demand strict proof thereof.

31. Defendants deny the allegations set forth in Paragraph 30 and demand strict proof thereof.

32. Defendants deny the allegations set forth in Paragraph 31 and demand strict proof thereof.

33. With regard to the allegations set forth in Paragraph 32, Defendants repeat their responses to Paragraphs 1-31 of the Complaint and incorporate them herein by reference as if more

fully set forth.

34. Defendants deny the allegations set forth in Paragraph 33 and demand strict proof thereof.

35. Defendants deny the allegations set forth in Paragraph 34 and demand strict proof thereof.

36. Defendants deny the allegations set forth in Paragraph 35 and demand strict proof thereof.

37. Defendants deny the allegations set forth in Paragraph 36 and demand strict proof thereof.

38. Defendants deny the allegations set forth in Paragraph 37 and demand strict proof thereof.

39. With regard to the allegations set forth in Paragraph 38, Defendants repeat their responses to Paragraphs 1-37 of the Complaint and incorporate them herein by reference as if more fully set forth.

40. With regard to the allegations set forth in Paragraph 39, Defendants admit only that Defendant Yusupov was an independent contractor at the time of the accident. Defendants deny the remaining allegations, if any, set forth in Paragraph 39.

41. The allegations set forth in Paragraph 40 constitute conclusions of law to which no responsive pleading is required. To the extent that an answer may be required, Defendants deny that Defendant Uzex Enterprise violated any alleged duty of duties to Plaintiff.

42. The allegations set forth in Paragraph 41 do not assert any allegations against Defendants and therefore no answer is made or required as to said allegations.

43. Defendants deny the allegations set forth in Paragraph 42 and demand strict proof thereof.

44. Defendants deny the allegations set forth in Paragraph 43 and demand strict proof thereof.

45. Defendants deny the allegations set forth in Paragraph 44 and demand strict proof thereof.

46. Defendants deny the allegations set forth in Paragraph 45 and demand strict proof thereof.

## FOR A SECOND DEFENSE
(Acts of Another)

47. **BY WAY OF FURTHER ANSWER TO PLAINTIFF'S COMPLAINT, AND AS A SECOND DEFENSE THERETO**, Defendants would allege and say that the accident complained of was caused solely by the negligent acts of an individual other than Defendants, namely the driver of Plaintiffs' car, William Casey, over whom Defendants had no authority or control, and for which reason Defendants are not liable in any respect to Plaintiff.

## FOR A THIRD DEFENSE
(Failure to Name an Indispensable Party)

48. **FURTHER ANSWERING PLAINTIFF'S COMPLAINT, AND BY WAY OF A THIRD DEFENSE THERETO**, Defendants would allege and show that Plaintiff has failed to name an indispensable party in her Complaint, namely the driver of Plaintiffs' car, William Casey, for which reason Plaintiff's Complaint against Defendants must be dismissed as a matter of law pursuant to SCRCP 19 & 12(b)(7).

## FOR A FOURTH DEFENSE
(S.C. Code Ann. 15-32-510 et. seq.)

49. **FURTHER ANSWERING PLAINTIFF'S COMPLAINT, AND BY WAY OF A FOURTH DEFENSE THERETO**, Defendants plead the limitation on punitive damage awards found in S.C. Code Ann. 15-32-510 et. seq., and request bifurcation of the Plaintiff's punitive damage claim in accordance with said code sections.

## FOR A FOURTH DEFENSE
(Improper Claim for Punitive Damages)

50. **FURTHER ANSWERING PLAINTIFF'S COMPLAINT, AND BY WAY OF A FIFTH DEFENSE THERETO**, Defendants would allege that Plaintiff's claim for punitive damages violates Defendants' equal protection and due process rights as guaranteed by the Fifth, Sixth, Seventh, and Fourteenth Amendments of the United States Constitution and the South Carolina Constitution, as well as by S.C. Code § 15 32 530, and therefore fails to state a cause of action upon which either punitive or exemplary damages may be awarded.

**WHEREFORE**, having fully answered the Plaintiff's Complaint, Defendants pray that the same be dismissed, together with the costs and disbursements of this action, and for such other and further relief as the Court may deem just and proper.

**DEFENDANTS DEMAND A TRIAL BY JURY AS TO ALL ISSUES AND CLAIMS WHICH MAY BE SO TRIED.**

|  |  |
|---|---|
| | **WESTON CRAIG ANTHONY, LLC.** |
| Mt. Pleasant, South Carolina<br>September 25, 2025 | s/Joseph R. Weston<br>Joseph R. Weston, Esquire<br>P.O. Box 1992<br>Mt. Pleasant, SC 29465-1992<br>Federal Bar #6094<br>P: (843) 881-4995<br>**ATTORNEY FOR DEFENDANTS** |