IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NO.: 2:25-CV-12701-DCN

| | |
|---|---|
| Barbara Casey, <br><br> Plaintiff, <br><br> vs. <br><br> Amirjon Yusupov and Uzex Enterprise, LLC, <br><br> Defendants. | **PLAINTIFF'S MOTION FOR REMAND** |

Plaintiff Barbara Casey moves this Court to remand this matter to state court. Defendants' Notice of Removal shows that Defendants did not remove this case before the expiration of the mandatory 30-day deadline. Based on that untimely removal, remand is necessary.

This matter arises out of a collision between Amirjon Yuzupov, operating a commercial motor vehicle on behalf of Uzex Enterprise, LLC (collectively, "Defendants") and Barbara Casey ("Plaintiff"). As Defendants state in their Notice of Removal, Plaintiff served Defendants on July 17, 2025. (ECF # 1 at ¶¶ 2-3). At Defendants' request, Plaintiff agreed to an extension until September 25, 2025, for both Defendants to file an answer in state court. (ECF # 1 at ¶ 4). At all relevant times, the parties were completely diverse. (ECF # 1 at ¶¶ 6-9). Further, the amount in controversy exceeds $75,000.00, exclusive of costs and interest. (ECF # 1 at ¶ 10). When Defendants were served on July 17, 2025, this Court had original jurisdiction pursuant to 28 U.S.C. section 1332. On September 25, 2025, Defendants filed their Notice of Removal—70 days after they were served with the initial pleadings in this case.

28 U.S.C. section 1446(b)'s 30-day time limit for removing a case from state court is mandatory—it "cannot be enlarged by court order, stipulation of the parties, or otherwise." *Johnson v. USAA Cas. Ins. Co.*, 900 F.Supp.2d 1310, 1312 (M.D. Fla. 2012) (finding insurer's notice of removal untimely despite parties' agreement to two-week extension to respond to the plaintiff's complaint and

discovery requests); *see also Nationstar Mortgage, LC v. Clarke*, No. CV 3:17-1743-MBS-PJG, 2017 WL 3773130, at *1 (D.S.C. Aug. 9, 2017) ("[The] failure to comply with the 30-day limit is grounds for immediately remanding a removed case to state court[.]" (citation omitted and alterations in the original)), *report and recommendation adopted*, No. CV 3:17-1743-MBS, 2017 WL 3730556 (D.S.C. Aug. 30, 2016). *Cook v. Travelers Companies*, 904 F.Supp. 841, 842 ( N.D. Ill. 1995) ("Moreover, the thirty-day period … 'is mandatory and cannot be extended by consent of the parties or by court order.'" (citation omitted)); *Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699, 701 (E.D. Pa. 1979) (same); *Robinson v. LaChance*, 209 F.Supp. 845, 847 (E.D.N.C. 1962) (same, under previous twenty day period). Thus, the parties' stipulated extension of time for Defendants to file an answer in the state court case does not and cannot extend the mandatory deadline for Defendants to file their Notice of Removal to this Court. Defendants' window to remove this case expired on August 18, 2025. Their September 25 Notice of Removal is untimely.

Because Defendants' Notice of Removal is untimely, Plaintiff asks this Court to remand this matter to State Court. Plaintiff seeks no costs or fees for responding to Defendants' Removal.

Pursuant to Local Rule 7.04, as this Motion contains a full explanation of its grounds, Plaintiff does not intend to file an accompanying memorandum of law unless directed by the Court, as a memorandum would serve no useful purpose.

**MORGAN & MORGAN, P.A.**

By: /s/Jonathan D. Graham
Jonathan D. Graham
Federal Bar No. 13969
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Attorney for Plaintiffs*

October 23, 2025.